## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STEINMETZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC., a Delaware corporation, individually and doing business as Shutterstock.com; and DOES 1-10,<br><br>Defendants. | Case No.:  1:21-cv-7100 |

## **FIRST AMENDED COMPLAINT**
## **JURY TRIAL DEMANDED**

Plaintiff, GEORGE STEINMETZ ("Steinmetz"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Steinmetz is a renowned professional photographer with a remarkable body of work, who has captured unique images of the world in locations inaccessible by traditional aircraft and most other modes of transportation. He has completed more than 40 major photo essays for National Geographic and 25 stories for GEO magazine in Germany, and has won numerous awards for photography during his 35-year career, including three prizes from World Press Photo. He is a regular contributor to the NY Times Magazine and has explored subjects ranging from the remotest stretches of Arabia's Empty Quarter to the largest coal mine in China.

2. Steinmetz brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant Shutterstock, Inc. ("Shutterstock") unlawfully published and displayed Steinmetz's photography on its website at "Shutterstock.com." Steinmetz at no time sought to associate his work with Defendant or any of their affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq.*;

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Steinmetz is an individual residing in New Jersey, USA.

8. Plaintiff is informed and believes and thereon alleges that Defendant Shutterstock, individually, and doing business as "Shutterstock.com," is a Delaware corporation with its principal place of business located at 350 5th Avenue, 21st Floor, New York, NY 10016, and is doing business within the state of California.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

11. Steinmetz created and owns all rights in original photograph of an aerial view of a cloudy forest at issue in this case ("Subject Photograph"). The Subject Photograph is set forth in the table below.

12. The Subject Photograph was registered with the United States Copyright Office.

13. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited it without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photograph by incorporating same into their website (collectively the "Accused Work"). A non-inclusive exemplar of the Accused Work is set forth below alongside the corresponding photograph. These exemplars are not meant to encompass all Accused Works; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part the Subject Photograph. The Subject Photograph is depicted below.

**Subject Photograph:**





14.     A comparison of the Subject Photograph with the corresponding image of the Accused Work reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

15.     On information and belief, Plaintiff alleges that Defendants, along with DOE Defendants, were involved in creating and/or developing the Accused Work, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Work to third parties, including without limitation, the public.

16.     Plaintiff at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

17.     On April 1, 2021, Plaintiff served Shutterstock with a demand letter and request under the Digital Millennium Copyright Act that the Subject Photograph be removed from Shutterstock's network of sites.

18.     Shutterstock's counsel, on behalf of Shutterstock and subsequent to the filing of the initial complaint, on September 20, 2021 represented to Plaintiff's counsel that Shutterstock had removed the Subject Photograph from its network and withdrawn it from licensing.

19.     Shutterstock's representation was false, as Shutterstock continued to maintain and display copies of the Subject Photograph on its platform, via its partners and affiliates, and otherwise to the public, as of September 21, 2021. One non-inclusive example of Shutterstock's ongoing use is set forth below:



20. On information and belief it is alleged that as of the date of the filing of the complaint, Shutterstock continued to display Plaintiff's photograph, without consent and despite Plaintiff's objection.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

21. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraph of this Complaint.

22. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on Steinmetz publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source. Access is also established by the striking similarity of the Subject Photograph and the photographs on the Accused Work.

23. Steinmetz is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those parties conspired to traffic in the Accused Work.

24. Defendants, and each of them, infringed Steinmetz's rights by copying the Subject Photograph, and distributing the Accused Work, without Steinmetz's authorization or consent.

25. Due to Defendants', and each of their, acts of infringement, Steinmetz has suffered actual, general, and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

27. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

28. Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

29. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Steinmetz is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Defendants, and each of them, realized

profits through their respective obtainment, sales and distribution of the Accused Work.

31. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Accused Work.

32. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Steinmetz has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

33. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

35.   Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

36.   Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37.   The Subject Photograph were routinely published with attribution, credit, and other copyright management information identifying Steinmetz as the author.

38.   Steinmetz alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

39.   Steinmetz alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via its website, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

40.   The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

41.   When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the

foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq*.

d. That a trust be entered over all Accused Work, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

    h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 6, 2021              By: */s/ Scott Alan Burroughs*
                                                  Scott Alan Burroughs, Esq.
                                                  Laura M. Zaharia, Esq.
                                                  DONIGER / BURROUGHS
                                                  231 Norman Avenue, Suite 413
                                                  Brooklyn, New York 11222
                                                  (310) 590 – 1820
                                                  scott@donigerlawfirm.com
                                                  lzaharia@donigerlawfirm.com
                                                  Attorneys for Plaintiff