UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE STEINMETZ,

                    Plaintiff,

     -against-

SHUTTERSTOCK, INC.,

                    Defendant.

Case No. 21-cv-7100 (AKH)

## ANSWER TO AMENDED COMPLAINT

Defendant Shutterstock, Inc. ("Shutterstock") answers the Amended Complaint of Plaintiff George Steinmetz ("Plaintiff"), dated October 6, 2021 ("Amended Complaint"), as follows:

1.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies each allegation contained therein.

2.      The allegations of Paragraph 2 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies that it engaged in any unlawful acts and is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 2 and therefore denies them.

3.      Shutterstock denies each allegation contained in Paragraph 3.

4.      The allegations of Paragraph 4 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that copyright infringement and Digital Millennium Copyright Act claims arise under the Copyright Act.

5.      The allegations of Paragraph 5 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that the court has federal question jurisdiction over at least one of the claims.

6.      The allegations of Paragraph 6 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock admits that venue is proper in this District but denies that the alleged acts occurred in this District.

7.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each allegation contained therein.

8.      Shutterstock admits the allegations contained in Paragraph 8 except states that allegations pertaining to California appear to be a typographical error in a matter pending in New York and therefore call for no response.

9.      Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each allegation contained therein, except Shutterstock expressly denies that the identities of all "Doe" parties are unknown given that at least one such party was identified by Shutterstock to Plaintiff prior to the filing of Plaintiff's Amended Complaint.

10.     The allegations of Paragraph 10 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock denies the allegations contained therein.

11.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each allegation contained therein.

2

12.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies each allegation contained therein.

13.     Shutterstock denies each allegation of Paragraph 13 and refers to its website for the contents contained thereon.

14.     The allegations of Paragraph 14 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock is without sufficient knowledge or information to form a belief as to the "Accused Work," and on that basis denies each allegation contained in Paragraph 14.

15.     Shutterstock denies each allegation of Paragraph 15.

16.     Shutterstock is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies each allegation contained therein except avers that the party that uploaded the image at issue expressly authorized Shutterstock to use the image and represented that such person was authorized to do so.

17.     Shutterstock admits that Plaintiff sent a communication to Shutterstock that was received in or around April 2021 regarding an image but states that the remaining allegations of Paragraph 17 call for legal conclusions as to which no response is required, and to the extent one is required, Shutterstock denies them.

18.     Shutterstock denies the allegations regarding the communication except admits that on September 20, 2021, its counsel informed counsel for Plaintiff, in response to a request for timing of suspension of the image from licensing as confirmed on September 13, 2021, that the image was removed from the site, de-indexed and withdrawn from licensing in May 2021.

13629055.1

Shutterstock refers to such communications for the accuracy of its contents, but denies the remaining allegations contained in Paragraph 18.

19.     Shutterstock denies the allegations contained in Paragraph 19 including given that Plaintiff refers to a cached thumbnail and archival reference copy in Paragraph 19, not the material identified in Paragraph 18.  Shutterstock avers that at the time Plaintiff filed the Amended Complaint on October 6, 2021, which incorporated a screenshot dated September 16, 2021 but which Plaintiff incorrectly presents to the Court as being current as of the filing date, Plaintiff knew or should have known that in addition to removals as noted above, no thumbnail reference or other archival copies were available through any search in any form.

20.     Shutterstock denies the allegations contained in Paragraph 20.

21.     The allegations of Paragraph 21 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

22.     Shutterstock denies the allegations of Paragraph 22.

23.     Shutterstock denies the allegations of Paragraph 23.

24.     Shutterstock denies the allegations of Paragraph 24.

25.     Shutterstock denies the allegations of Paragraph 25.

26.     Shutterstock denies the allegations of Paragraph 26.

27.     Shutterstock denies the allegations of Paragraph 27.

28.     Shutterstock denies the allegations of Paragraph 28.

29.     The allegations of Paragraph 29 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

13629055.1

30.     Shutterstock denies the allegations of Paragraph 30.

31.     Shutterstock denies the allegations of Paragraph 31.

32.     Shutterstock denies the allegations of Paragraph 32.

33.     Shutterstock denies the allegations of Paragraph 33.

34.     Shutterstock denies the allegations of Paragraph 34.

35.     Shutterstock denies the allegations of Paragraph 35.

36.     The allegations of Paragraph 36 are boilerplate reallegations as to which no response is required, but to the extent one is required, Shutterstock repeats and realleges its responses to the prior allegations.

37.     Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies them.

38.     Shutterstock denies the allegations of Paragraph 38.

39.     Shutterstock denies the allegations of Paragraph 39.

40.     The allegations of Paragraph 40 call for legal conclusions as to which no response is required, but to the extent one is required, Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

41.     Shutterstock denies the allegations of Paragraph 41.

## <u>AFFIRMATIVE DEFENSES</u>

Without waiving or excusing Plaintiff's burden of proof or admitting that Shutterstock has any burden of proof, Shutterstock asserts the following affirmative defenses as to the Amended Complaint.

13629055.1

## FIRST AFFIRMATIVE DEFENSE

1.      Each of Plaintiff's Causes of Action is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to mitigate his alleged damages and/or losses and, to the extent Plaintiff has suffered any damages and/or losses, recovery is barred or must be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Causes of Action are barred by the safe harbor provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's Causes of Action are barred, in whole or in part, by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's Third Cause of Action are barred on the ground that Plaintiff has failed to plausibly plead or prove the double-scienter requirement of Section 1202 of the Copyright Act, 17 U.S.C. § 1202.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's First and Second Causes of Action are barred on the ground that the claimed work is not properly registered.

13629055.1

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's Causes of Action are barred by the doctrine of license.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims for statutory damages are barred by Section 412 of the

Copyright Act for failure to timely register the work at issue.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's Causes of Action are barred by the doctrines of waiver and estoppel

including due to Plaintiff's failure to identify any further issue or otherwise follow up with

Shutterstock regarding any additional archival material he may have wished to have removed

notwithstanding the absence of any obligation by Shutterstock to remove such material.

### RESERVATION OF RIGHTS

Shutterstock does not presently know all the facts and circumstances respecting

Plaintiff's claims and reserves the right to amend this Answer should it later discover facts

demonstrating the existence of additional affirmative defenses.


DATED:  New York, New York
            October 19, 2021

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Eleanor M. Lackman
        Eleanor M. Lackman
        437 Madison Ave., 25th Floor
        New York, New York 10022-7001
        Telephone: (212) 509-3900
        Facsimile: (212) 509-7239
        Email:  eml@msk.com


*Attorneys for Defendant Shutterstock, Inc.*

13629055.1