UNITED STATES DISTRICT COURT  (Effective 2/11/20)
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**George Steinmetz**

                       Plaintiff(s),

      -against-

**Shutterstock, Inc., et al.**

                       Defendant(s).
-------------------------------------------------------------x

<u>1:21</u> Civ. <u>07100</u> (AKH)

**CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.     The case (is) (is not) to be tried to a jury. [Circle as appropriate]. *[**is** circled]*

B.     Non-Expert Discovery:

        1.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by **July 27, 2022**, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

                a.     The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

        2.     Joinder of additional parties must be accomplished by **March 31, 2022**.

        3.     Amended pleadings may be filed without leave of the Court until **March 31, 2022**.

C.     For all causes of action seeking monetary damages, each party shall identify and

        quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D.    Second Pre-Trial Conference, Motions, Settlement, and Expert Discovery:

    1.    Approximately one week after the conclusion of non-expert discovery, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is **August 3, 2022**, at **11 a**.m.

    2.    On the second Friday thereafter, at 10:00 a.m., the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the schedule for dispositive motions, the status and prospects of settlement and whether alternative dispute-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on **August 12, 2022**, at 10:00 a.m.

    3.    Prior to the Second Case Management Conference, the parties shall meet and confer concerning a schedule for dispositive motions. The schedule will be finalized at the Second Case Management Conference. The schedule shall provide for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

E.    Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.    A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits

the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rule 1(D). Unless the Court rules otherwise, motions shall not modify or delay the conduct of discovery or the schedules provided in this Case Management Plan.

SO ORDERED.

DATED: New York, New York

_____, 20\_\_

                                                                ALVIN K. HELLERSTEIN
                                                                 United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| | DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|---|
| 1. | initial interrogatories | served by February 11, 2022 |
| 2. | initial requests for production | served by February 11, 2022 |
| 3. | depositions (number to be determined after an initial round of discovery) | completed by July 27, 2022 |
| 4. | requests for admission | served by June 27, 2022 |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |

**ATTACHMENT B**

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

Plaintiff alleges a straightforward case of copyright infringement. Pursuant to 17 U.S.C. § 501 et seq., Plaintiff alleges that he is entitled to damages resulting from his (1) actual damages, (2) any additional profits realized by the Defendants, and (3) any further economic advantage realized by the Defendants through their infringements; or alternatively (4) statutory damages resulting from willful infringement of Plaintiff's photography, pursuant to an election by Plaintiff to seek damages under 17 U.S.C. § 504(c)(2). Plainitiff has not yet been reliably informed of Defendants' total revenues. To that end, any further information relevant to damages is in Defendants' possession. Plaintiff anticipates uncovering this information through discovery and will submit an updated Attachment B after the close of discovery, currently set for July 27, 2022.
Plaintiff further seeks costs of suit, attorney's fees, prejudgment interest, and other allowable damages such as statutory damages at Plaintiff's election.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

3. **THIRD-PARTY CLAIMS:**