UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STEINMETZ,<br><br>                        Plaintiff,<br><br>-against-<br><br>SHUTTERSTOCK, INC.,<br><br>                        Defendant. | Case No. 1:21-cv-7100 (AKH)<br><br>**STIPULATED<br>PROTECTIVE ORDER** |

**WHEREAS,** certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-captioned proceeding (the "Proceeding") that relate to the parties' financial information, competitive information, or other kinds of commercially sensitive information that the party making the production deems confidential; and

**WHEREAS,** it has been agreed by and among the parties in the Proceeding, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS,** the Court has reviewed the terms and conditions of this protective order submitted by the parties;

**IT IS HEREBY ORDERED THAT:**

    1.    This Protective Order shall govern all documents, the information contained therein and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when

14136317.2

same is designated in accordance with the procedures set forth herein.  This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates, and their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

    2.  Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions.

    3.  The following Definitions shall be applicable herein:

     (a)  "Confidential Information" means all information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Supplying Party, in connection with this Proceeding, which has not been made public and which concerns or relates to the proprietary information used by the Supplying Party in, or pertaining to, their business, which is not generally known, and which the Supplying Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including without limitation agreements and contracts; current and future business, product, or strategic plans; financial information; marketing documents; private personal identifying information; trade secrets; or documents or information that, if released publicly, would cause embarrassment or be damaging to reputation of the Supplying Party.  Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.  Material

14136317.2

that is available to the public, such as advertising or promotional materials, is not Confidential Information.

(b) "Document" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(l), Southern District Local Rules 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

(c) "Highly Confidential Information" means Confidential Information that is particularly sensitive, private, or competitively valuable, including without limitation financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans. Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information.

**Designating Material as Confidential or Highly Confidential Information**

4. Any Supplying Party shall have the right to identify and designate any Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Document or other materials it produces or provides (whether pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies), or any testimony given in this Proceeding, that it believes is entitled to such treatment under this Order (hereafter referred to as "Designated Material"). Such designation constitutes a representation that such information has been reviewed and that the Supplying Party has a good faith basis for the designation. Documents, testimony, or information may be designated as Confidential Information in the following ways:

5. Documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of the Document and each subsequent page thereof containing Confidential Information. To the extent that it is not feasible to designate each page of a Document, such Document shall be designated Confidential Information by placing in the Document file name the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL."

(a) Whenever any electronic files labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are converted into another file type, all such copies also shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When electronically stored Confidential Information is produced in a native format, the Supplying Party shall place the applicable confidentiality designation on the hard drive, DVD, CD, or other media on which such electronically stored information is produced.

(b) Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

6. Information disclosed at a deposition taken in connection with this Proceeding may be designated as Confidential Information by:

a. a Supplying Party (or its counsel) designating testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

4

        b.      a Supplying Party (or its counsel) notifying all other parties in writing, within ten (10) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), of specific pages and lines of the transcript that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; or

        c.      a Supplying Party (or its counsel) identifying testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s) and containing Designated Material designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

## Disclosure of Confidential Information

7.      Access to Confidential Information produced under the protection of this Order shall require compliance with Paragraph 14 and shall be limited to:

(a)      outside counsel employed by the Receiving Party to assist in the Proceeding; the attorneys, paralegals, investigative, technical, administrative, secretarial, and any such officers and employees in the respective law firms of such outside counsel as that party deems necessary for the sole purpose of assisting in this Proceeding; any in-house attorney employed by the Receiving Party whose job duties include assisting in the Proceeding; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

        (b)    any outside consultant, expert or investigator retained by counsel who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

        (c)    any person who authored, received, or otherwise has been provided access in the ordinary course outside this Action to the Confidential Information sought to be disclosed to that person;

        (d)    witnesses, including non-party deponents pursuant to Federal Rule of Civil Procedure 30(b)(6), in good faith preparation for, during the course of, or in review of deposition or trial testimony;

        (e)    this Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

        (f)    mock jurors retained in connection with this Proceeding; and

        (g)    any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure.

**Disclosure of Highly Confidential Information**

        8.    Access to Highly Confidential Information produced under the protection of this Order shall be limited to persons described in Paragraphs 7(a), 7(b), 7(c), 7(e) and 7(g), but only to the extent reasonably necessary for litigation purposes. Such information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person. Highly Confidential Information must remain at all times in the physical custody and control of the persons described in Paragraphs 7(a), 7(b), 7(c), 7(e) and 7(g).

9. A Party may disclose argument and materials derived from Highly Confidential Information to mock jurors pursuant to Paragraph 7(f).  Notwithstanding the foregoing, a Party may not disclose to mock jurors any original, as-produced material or information (including, for example, Documents, deposition testimony, or interrogatory responses) produced by another party designated as Highly Confidential Information.

### Use of Confidential Information

10. Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than prosecuting, defending, or settling this Action.  In no event shall Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

11. Nothing in this Order shall bar or otherwise restrict an attorney from relying on his or her examination of Confidential Information in rendering advice to his or her client with respect to this matter.  In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information unless the client is permitted to receive such information pursuant to this Order.

12. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

13. The restrictions set forth in this Order shall not apply to Confidential Information which (i) was, is, or becomes public knowledge, unless in violation of this Order, or (ii) was or is discovered independently by the Receiving Party.

14136317.2

### Notification of Confidentiality Order

14. Prior to the disclosure of any Designated Material to any person identified in paragraphs 7, 8 or 9 above (other than the Court and its staff or any counsel of record), such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a Certification, in the form annexed hereto as **Exhibit A**, acknowledging that he or she has read this Protective Order and shall abide by its terms.  Outside counsel for the party obtaining such signed Certifications shall maintain a file of them and shall make the file available, upon request, for inspection by the Court in camera.  Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

### Redesignation of Material

15. Any Supplying Party may redesignate under paragraphs 5 or 6 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 7, 8 or 9 above.

14136317.2

**Use of Confidential Information at Trial, at Hearings, or in Court Filings**

16. Pursuant to Honorable Alvin K. Hellerstein's Individual Rule 4(B)(ii), any Party seeking to file any material under seal shall move for permission to do so by contemporaneously filing through ECF a notice of motion and redacted briefing with any supporting papers and submitting unredacted copies to Chambers, specifying those portions sought to be sealed and setting forth the reasons why sealing is appropriate. If the Court grants the motion to file under seal, the party shall file unredacted papers under seal in conformity with the procedures set forth by the Clerk of Court.

17. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, the presiding Judge's law clerks, and other Court personnel without further order of the Court.

18. Each document filed under seal may be returned to the party which filed it if (1) no appeal is taken within sixty (60) days after a final judgment is rendered, or (2) an appeal is taken within sixty (60) days after the mandate of the last reviewing court which disposes of this Proceeding in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document or return the document to counsel for the Supplying Party upon request within two (2) years after termination of this Proceeding or take any other action with respect to the document it deems appropriate.

19. Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

20. Any further restrictions that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the parties, in consultation with the Court if necessary. In the interim, no party shall disclose any Confidential Information at any hearing in this matter absent adequate advance notice to the Supplying Party with opportunity to request that the courtroom be sealed prior to disclosure of any such Confidential Information.

**Preservation of Rights and Privileges**

21. Neither the acceptance by a party of any Document, material, or information nor the failure of a party to take action to enforce the terms of this Order shall constitute a concession or admission that the Document, material, or information contains Confidential Information or that that the Document, material, or information is admissible in or relevant to this Proceeding.

22. Nothing in this Order shall constitute or be deemed or construed as a waiver of the right of a party at any time (i) to seek a determination by the Court whether any particular Document material, or information should be subject to the terms of this Order; (ii) to seek relief from any provision(s) of this Order, either generally or as to any particular Document or other piece of Confidential Information, in whole or in part; (iii) to seek a higher level of protection than provided for by this Order if the party believes that circumstances warrant that higher level of protection; (iv) to seek Documents or other information from any source; or (v) to object to any discovery request, including the right to assert that no discovery should be had of certain Documents, material, or information.

14136317.2

### Challenging Confidentiality Designations

23.     Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

24.     A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue-other forms of communication are not sufficient) with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

25.     A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may follow the procedures set forth in Judge Hellerstein's Individual Rule 2(E) to obtain relief.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

### Inadvertent Disclosure

26.     Inadvertent production of any Document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential

11

nature or stop the Supplying Party from redesignating said document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a later date. Disclosure of said Document or information by any party prior to such later redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 7, 8 and 9 above.

27. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Such redesignation shall be effective only as of the date of such redesignation (and subject to all the other provisions hereof); provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 7, 8 and 9 above. Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendency of any motion challenging the redesignation so long as the motion is made within five (5) days of receipt of notice of redesignation.

28. Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such

disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

29. In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 7, 8 or 9 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

**Subpoenas**

30. Any party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a party seeking production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by email, overnight delivery or facsimile to counsel for the Supplying Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena also shall inform the person seeking the Confidential Information that such information is subject to this Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

14136317.2

### Return/Destruction of Materials

31. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Designated Material. Such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the Supplying Party or the person receiving the Designated Material may elect to have the same destroyed. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, relating to or containing Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

### Application to Non-Parties

32. This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of Documents, or otherwise, in this Proceeding, if that non-party requests the protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing a Certification in substantially the form attached hereto as **Exhibit A**. This Order also shall apply to non-parties who are afforded access to Documents or information produced during discovery in this Proceeding, whether by

14136317.2

deposition, production of Documents, or otherwise. Such non-parties shall execute a Certification in substantially the form attached hereto as **Exhibit A**.

33. Additionally, in the event a non-party is compelled to provide discovery in this Proceeding by a subpoena, a party who believes in good faith that such subpoena may compel disclosure of Confidential Information in connection with which that party holds a proprietary or other interest, shall promptly so notify the party serving such subpoena. Such party may thereupon designate Confidential Information in accordance with this Order. Specifically with respect to Documents produced in response to a subpoena as to which a party has given notice under this Paragraph, the party receiving such Documents shall, upon receipt of said Documents, so advise the party giving notice. The party giving notice shall then have ten (10) business days to inspect and to designate such Documents for protection in accordance with this Order. Pending such designation, the Documents produced shall be treated as Highly Confidential Information.

## Modification of the Order

34. The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

35. The entry of this Protective Order does not prevent any party from seeking a further Order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Judge Hellerstein's Individual Rule 4(B).

14136317.2

**Execution in Counterparts**

36. This agreement may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

DATED: April 12, 2022
       New York, New York

By: /s/ Eleanor M. Lackman

MITCHELL SILBERBERG & KNUPP LLP
Eleanor M. Lackman (eml@msk.com)
Leo M. Lichtman (lml@msk.com)
437 Madison Avenue, 25th Floor
New York, New York 10022
(212) 509-3900

*Attorneys for Defendant Shutterstock, Inc.*

By: /s/ Scott Alan Burroughs

DONIGER / BURROUGHS
Laura M. Zaharia
Scott Alan Burroughs
247 Water Street, First Floor
New York, New York 10038
(212) 326-2000

*Attorneys for Plaintiff George Steinmetz*

**SO ORDERED:**

DATED: New York, New York
       April 13, 2022

By: /s/ Alvin K. Hellerstein
     Hon. Alvin K. Hellerstein
     United States District Judge

14136317.2

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STEINMETZ,<br><br>                    Plaintiff,<br><br>     -against-<br><br>SHUTTERSTOCK, INC.,<br><br>                    Defendant. | Case No. 1:21-cv-7100 (AKH) |

**CERTIFICATION**

The undersigned hereby acknowledges that, having read the Protective Order filed in the above-captioned action on April __, 2022, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
        Date

                                                        _____
                                                              Name (typed or printed)

                                                        _____
                                                                    Signature