**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE STEINMETZ,

            Plaintiff,

-against-

SHUTTERSTOCK, INC.,

            Defendant.

Case No. 1:21-cv-7100 (AKH)

## DECLARATION OF ANDREW RAFF

I, Andrew Raff, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant General Counsel, Privacy and Security at Shutterstock, Inc.

2. I submit this Declaration pursuant to the Court's Orders dated July 15, 2022 (ECF Doc. No. 34) and July 22, 2022 (ECF Doc. No. 41). I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

3. I am a senior executive that was involved in the collection of documents in connection with this matter. My team and I began searches first by identifying all custodians who could possibly have relevant information in connection with the image at issue in this case. Then, based on our Responses and Objections to Plaintiff George Steinmetz's Requests for Production dated March 14, 2022, we searched and located all documents that relate to the image at issue and provided them to our outside counsel.

4. Specifically, for example, we located—through search of the asset ID number (a unique identifier associated with an image)—all records and documents related to the image at

issue, including Shutterstock's databases and systems that maintain records about the contributor who contributed the image at issue to the Shutterstock website, the licensing systems that record all licenses issued from the Shutterstock platform, Google Analytics for visits to the Asset Detail Page where the image at issue was displayed, records relating to the image at issue as provided by the contributor, the metadata provided by the contributor, any correspondence collected in Salesforce, Slack, and email servers referencing the Shutterstock image ID number for the image at issue, the name, email address, and display name for the contributor, the name of the Plaintiff, and edge servers hosting thumbnail versions of the image at issue. The very broad search would identify all documents that relate to the image at issue.

5. Given that there is a single image (a materially cropped version of an image Plaintiff claims), no party ever licensed the image from the platform, Shutterstock received one letter prior to suit referencing one URL, and the documents indicate the image was viewed fewer than five times in total, we did not expect there to be many responsive documents. Nonetheless, Shutterstock has produced all documents relating to the processing of the image at issue (including from submission to removal), as well as requested policies, procedures, forms, tickets submitted to Shutterstock's IT department, records regarding the party who uploaded the image to the platform (including termination of the contributor), and various other materials. To my knowledge, except with respect to the reference to Slack (which was searched without finding any responsive documents), Plaintiff has not identified any platforms or other locations that he believes may have responsive documents, and we do not know of any others.

6. It is my understanding that subject to Shutterstock's responses and objections and within the scope based on the parties' meet-and-confers, all responsive documents have been

produced. It is also my understanding that there are no privileged communications up until the date that the Complaint was filed that have been withheld on privilege grounds.

I declare under penalty of perjury that the foregoing is true and correct.

_____*Andrew Raff*_____

Andrew Raff

Executed on August 4, 2022

Montclair, NJ