UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STEINMETZ,<br><br>                  Plaintiff,<br><br>-against-<br><br>SHUTTERSTOCK, INC.,<br><br>                  Defendant. | Case No. 1:21-cv-7100 (AKH) |

### DECLARATION OF ELEANOR M. LACKMAN

ELEANOR M. LACKMAN declares as follows:

1. I am a Partner at the law firm of Mitchell Silberberg & Knupp LLP, counsel for defendant Shutterstock, Inc. ("Shutterstock"). I submit this declaration in support of Shutterstock's Motion for Summary Judgment.

2. Attached hereto as **Exhibit O** is a true and correct copy of relevant excerpts from the transcript of the deposition of Plaintiff George Steinmetz ("Plaintiff") taken on July 26, 2022.

3. Attached hereto as **Exhibit P** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000527-545, which contains the Assignment Photographer Agreement by and between Plaintiff and National Geographic Society dated April 12, 2013.[1] Although this agreement is responsive to Shutterstock's discovery requests, Plaintiff denied that there were any responsive agreements until his deposition on August 9, 2022. He produced it thereafter, at the close of discovery, depriving Shutterstock of an opportunity to ask about it.

---

[1] The documents attached hereto as Exhibits O, Q-T are redacted pursuant to Plaintiff's request. Shutterstock has contemporaneously filed a letter motion for approval to redact and/or seal these documents, and filed unredacted copies under seal with the proposed redactions highlighted.

4. Attached hereto as **Exhibit Q** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000001-10, which contains the U.S. Copyright Office Certificate of Registration No. VAu 1-169-689 and the purportedly related images, including the Plaintiff's image at issue (the "Image"). Although the Certificate indicates that Plaintiff (or his designated representative) corresponded with the U.S. Copyright Office regarding this registration, and Shutterstock has requested that Plaintiff produce it, Plaintiff has failed to produce any such correspondence to date.

5. Attached hereto as **Exhibit R** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000131-133, and marked at Plaintiff's deposition as Exhibit 4, which contains an invoice dated March 12, 2019.

6. Attached hereto as **Exhibit S** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000135, and marked at Plaintiff's deposition as Exhibit 6, which contains an invoice dated December 13, 2019.

7. Attached hereto as **Exhibit T** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000137, and marked at Plaintiff's deposition as Exhibit 8, which contains an invoice dated October 6, 2017.

8. Attached hereto as **Exhibit U** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000138, and marked at Plaintiff's deposition as Exhibit 9, which contains an invoice dated March 31, 2017.

9. Attached hereto as **Exhibit V** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ000523-524, which contains certain metadata related to Plaintiff's Image.

10. Attached hereto as **Exhibit W** is a true and correct copy of a document produced by Plaintiff Bates-numbered STEINMETZ00012-21, which contains the takedown notice (and the accompanying exhibit) from Plaintiff's counsel to Shutterstock dated April 1, 2021. The notice identified one URL: https://www.shutterstock.com/image-photo/overview-forest-morning-time-by-drone-1571786026.

11. Since Plaintiff filed his initial Complaint against Shutterstock on August 23, 2021 (Dkt. No. 1), I have repeatedly advised Plaintiff's counsel that the image that was displayed at the identified URL (the "Contributor Image") had been submitted to Shutterstock by a third-party contributor, and that Shutterstock had promptly removed it in compliance with its obligations under Digital Millennium Copyright Act (DMCA).

12. In the correspondence that followed, in or around September 2021, Plaintiff's counsel vaguely suggested to me that the Contributor Image was still available on Shutterstock's website, but refused to provide the URL or any other information reasonably sufficient to permit Shutterstock to find where it may be located within its vast collection of images.

13. Working with my client, and it working with its tech team, we went through the time-consuming, manual process of investigating whether any edge copies used to operate the site may still have existed, even though such copies would not appear at the identified URL or even using the search options on the licensing platform. As noted in the accompanying Zambrowski declaration, a few thumbnails were found in its edge cache servers and were removed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: September 2, 2022
      New York, New York

                                      Eleanor M. Lackman