- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STEINMETZ,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC.; et al.,<br><br> Defendants. | Civil Action No.: 1:21-cv-07100-AKH |

**DECLARATION OF SCOTT ALAN BURROUGHS, ESQ.**

## DECLARATION OF SCOTT ALAN BURROUGHS, ESQ.

I, Scott Alan Burroughs, hereby declare as follows:

1. I am above eighteen (18) years of age and am competent to give the testimony set forth below. Said testimony is given from my own personal knowledge. I make this declaration in support of Plaintiff's Motion for Summary Judgment. If called as a witness, I could and would competently testify as set forth below.

2. I am a member of the New York Bar admitted to practice before this Court. I am a shareholder of the law firm Doniger / Burroughs, and am lead counsel for Plaintiff, George Steinmetz ("Steinmetz"), in this action.

3. Steinmetz created the photograph at issue in this action ("Subject Photograph") and Defendant exploited unauthorized copies of the Subject Photograph ("Infringing Copy"). On April 1, 2021, my office sent to Shutterstock a cease-and-desist demand. A true and correct copy of the cease-and-desist correspondence is attached hereto as **Exhibit 6**.

4. On or around May 11, 2021, Shutterstock responded to the Steinmetz cease-and-desist correspondence, over a month after Steinmetz sent his initial correspondence. A true and correct copy of this response is attached hereto as **Exhibit 7**.

5. The instant action was filed on August 23, 2021. Attached hereto as **Exhibits 8, 9, and 10,** are true and correct copies of exemplars of the Infringing Copy, captured by my office, as it appeared on various pages of Shutterstock's website on or around September 16, 2021.

6. Attached hereto as **Exhibit 11** is a true and correct copy of the Subject Photograph being offered for licensing through Shutterstock's partner, TinEye. Attached hereto as **Exhibit 12** is a true and correct copy of a page from the StockFresh website at which it had

displayed the Infringing Copy at the direction of Shutterstock. While the Infringing Copy has now been removed, the Shutterstock ID number appears on the page establishes that the Infringed Copy was displayed there. Attached hereto as **Exhibit 25** is a true and correct screen capture of StockFresh's website, advertising its partnership with Shutterstock. Attached hereto as **Exhibit 21** is a true and correct screen capture of the Infringing Copy on the HelloRF website.

7. Attached hereto as **Exhibit 13** is a true and correct copy of Shutterstock's Content Review Guidelines, publicly available at https://support.submit.shutterstock.com/s/article/How-is-content-reviewed?language=en_US, which was accessed and prepared by my office on July 8, 2022.

8. Attached hereto as **Exhibit 14** is a true and correct copy of a document produced by Shutterstock reflecting Shutterstock's history of the Infringing Copy. Attached hereto as **Exhibit 23** is a true and correct copy of a document reflecting the history submitter account for ArunRaJpu6621.

9. On July 14, 2022, I deposed Artur Zambrowski, Shutterstock's corporate designee, in connection with this dispute. Attached hereto as **Exhibit 15** is a true and correct copy of highlighted relevant portions of the deposition transcript of Artur Zambrowski.

10. Attached hereto as **Exhibit 16** is a true and correct copy of a screenshot of complaints against Shutterstock on the Better Business Bureau website, publicly available at https://www.bbb.org/us/ny/new-york/profile/digital-media/shutterstock-inc-0121-81420/complaints, which was accessed and prepared by my office on August 12, 2022.

11. My office served a subpoena on Sejal Patel Richbourg on or around July 7, 2022. Shutterstock refused to produce the witness for deposition. Attached hereto as **Exhibit 17**

is a true and correct copy of the subpoena to Sejal Patel Richbourg. Shutterstock and its counsel refused to produce this individual for deposition.

12. Attached hereto as **Exhibit 18** are true and correct copies of screenshots reflecting the Shutterstock user experience, using a sample photograph, which were prepared by my office. This reflects the various ways that Shutterstock presents its content to the customer and attempts to sell licenses and subscriptions. Attached hereto as **Exhibit 27** are true and correct screenshots reflecting Shutterstock's paid subscription plans, which were accessed and prepared by my office.

13. Attached hereto as **Exhibit 19** is a true and correct copy of correspondence between counsel concerning the deposition transcript for Alexandra Zusman.

14. Attached hereto as **Exhibit 20** is a true and correct copy of Shutterstock correspondence including license terms.

15. Shutterstock also displayed the Subject Photograph through HelloRF, which it partly owns. The Subject Photograph was displayed on HelloRF until at least July 14, 2022. Attached hereto as **Exhibit 21** is a true and correct copy of a screen capture of the Infringing Copy as it appeared on HelloRF, which was prepared by my office.

16. Attached hereto as **Exhibit 22** is a true and correct copy of the web analytics report demonstrating the page views for Shutterstock's display of the Infringing Copy on one URL of its website.

17. Attached hereto as **Exhibit 24** is a true and correct copy of a document reflecting Shutterstock's business model concerning contributors and customers, which was created by Shutterstock.

18. Attached hereto as **Exhibit 26** is a true and correct copy of Shutterstock news release announcing its investment in Zcool, which owns HelloRF.

19. Attached hereto as **Exhibit 28** is a true and correct copy of an article by Steinmetz licensee *National Geographic* featuring the Subject Photograph.

20. On August 29, 2022, my office accessed the following URLS and reviewed the content therein as referenced in the motion:

    a. https://www.shutterstock.com/pricing

    b. https://www.shutterstock.com/blog/protecting-your-content-what-you-need-to-know-about-licensing-your-copyright

    c. https://submit.shutterstock.com/legal/terms.

21. On September 1, 2022, my office accessed the following URLS and reviewed the content therein as referenced in the motion:

    a. https://investor.shutterstock.com/static-files/8b795c10-8df0-403b-811d-1f39f8f34393

    b. https://www.sec.gov/Archives/edgar/data/0001549346/000104746912005905/a2209364zs-1.htm#da47301_business

    c. https://player.vimeo.com/video/134351620

    d. https://www.shutterstock.com/blog/rejection-reasons-poor-lighting-and-lighting-problems

    e. https://support.submit.shutterstock.com/s/article/Why-was-my-content-rejected-for-Focus?language=en_US

    f. https://support.submit.shutterstock.com/s/article/Why-was-my-content-rejected-for-Composition?language=en_US

    g. https://www.sec.gov/Archives/edgar/data/0001549346/000104746912005905/a2209364zs-1.htm

    h. https://www.shutterstock.com/developers/api-terms

      i.    https://brutallyhonestmicrostock.com/2019/01/27/update-why-shutterstocks-copyright-infringement-problems-should-concern-you/.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2022 in New York, New York.

By: _____
Scott Alan Burroughs, Esq.
Declarant