

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890
eml@msk.com

September 2, 2022

*As to the personal items identified, the motion to seal is granted.  As to the others (ECF No. 59), the motion is denied as lacking sufficient justification.  See Hartford Courant Co. v. Pellegrino, 371 F.3d 49, 62-63 (2d Cir. 2004) (requiring a party to demonstrate that suppression of records is essential to overcome the presumption of openness that attaches to judicial records).*

**VIA ECF**

The Honorable Judge Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

SO ORDERED.

/s/ Alvin K. Hellerstein
September 7, 2022

Re:      *Steinmetz v. Shutterstock, Inc.*, Case No. 1:21-CV-7100 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

We are counsel for defendant Shutterstock, Inc. ("Shutterstock") in the above-referenced action. In accordance with Section 4(B)(ii) of Your Honor's Individual Rules, the Court's Standing Order 19-mc-00583, and ECF Rules & Instructions Section 6, we respectfully submit this letter motion for approval to seal and/or redact certain documents attached as exhibits to the concurrently-filed Declarations of Eleanor M. Lackman and Artur Zambrowski in support of Shutterstock's Motion for Summary Judgment (respectively, "Lackman Declaration" and "Zambrowski Declaration").

I.       Plaintiff's "Highly Confidential" Documents

Shutterstock seeks leave to file redacted copies of the documents listed below on the ground that Plaintiff George Steinmetz ("Plaintiff") has requested it.  Plaintiff designated these documents as "Highly Confidential" pursuant to the Stipulated Protective Order (Dkt. No. 24).  In accordance with Your Honor's Individual Rules, Shutterstock has conferred with Plaintiff's counsel in advance to narrow the scope of this request.  Plaintiff requested that the documents be filed with the particular redactions shown in the accompanying materials.

- Document Bates-numbered STEINMETZ000131-133, which is attached as Exhibit P to the Lackman Declaration;

- Document Bates-numbered STEINMETZ000135, which is attached as Exhibit R to the Lackman Declaration;

- Document Bates-numbered STEINMETZ000137, which is attached as Exhibit S to the Lackman Declaration;

- Document Bates-numbered STEINMETZ000138, which is attached as Exhibit T to the Lackman Declaration;

- Document Bates-numbered STEINMETZ000527-545, which is attached as Exhibit U to the Lackman Declaration.



Page 2

II.     Shutterstock's Document Containing Non-Relevant Personal Identifying Information

Shutterstock also seeks leave to redact certain non-relevant personal identifying information from the following document, including, in particular, the address, email address, and phone number of a third-party individual:

- Document Bates-numbered STK000056-57, which is attached as Exhibit I to the Zambrowski Declaration.

This type of information is routinely redacted. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (ordering redaction of "sensitive personal information," "including home addresses" and "telephone numbers," because "this type of information . . . overcomes the presumption of public disclosure"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392 (RMB), 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (ordering redaction of phone numbers and email addresses because, "[a]mong other reasons, such 'individual contact information . . . is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure'") (quoting *Cohen v. Gerson Lehman Grp. Inc.*, 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (redactions concealing client identities and individual contact information were narrowly tailored, and that the privacy interests at issue overcame the presumption of access). Moreover, Shutterstock's proposed redactions are narrowly tailored to protect the individual's privacy interests.

*     *     *

Shutterstock has publicly filed the above documents with proposed redactions and electronically filed under seal a copy of the unredacted documents with the redactions highlighted.

Accordingly, Shutterstock respectfully requests that this Court grant this motion to seal.

Respectfully submitted,

Eleanor M. Lackman

cc:     All counsel of record (via ECF)