

**MITCHELL SILBERBERG & KNUPP LLP**
A Law Partnership Including Professional Corporations

Eleanor M. Lackman
Partner
(212) 878-4890
eml@msk.com

September 7, 2022

**VIA ECF**

The Honorable Judge Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Steinmetz v. Shutterstock, Inc.*, Case No. 1:21-CV-7100 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

We are counsel for defendant Shutterstock, Inc. ("Shutterstock"). We write with regard to Your Honor's Order, entered earlier today (Dkt. No. 66), denying the motion to seal (Dkt. No. 59) certain information that Shutterstock marked "CONFIDENTIAL," including, in particular, the name that appears on pp. 10 and 190 of the transcript of the deposition of Shutterstock's corporate designee, Artur Zambrowski. *See* Dkt. No. 62-2, pp. 10:7, 190:15, 190:17.[1] The Court denied the motion as "lacking sufficient justification." Dkt. No. 66.

Due to the intervening holiday weekend, Shutterstock inadvertently failed to "file, within three days, a letter explaining the need to seal or redact" the transcript excerpts in accordance with Rule 4(B)(ii) of Your Honor's Individual Rules. Shutterstock respectfully requests that the Court consider the following explanation, notwithstanding the one-day delay.

Shutterstock requests that the name that appears on pp. 10 and 190 of the transcript be redacted to protect Mr. Zambrowski's privacy interests. As Mr. Zambrowski explained at the deposition, the name is an alias that he has used "for the most part of [his] career at Shutterstock" (and continues to use) in certain communications on behalf of Shutterstock in order to "stay anonymous" and avoid "individuals reaching out" to him personally (*e.g.*, "on social media") "to try to solve issues," instead of "contact[ing] Shutterstock directly." Dkt. No. 62-2, pp. 10:7-17. Although it is not his real name, filing the name publicly in this context would permit individuals to connect Mr. Zambrowski to the alias. The particular name that Mr. Zambrowski used is not relevant in this case. Accordingly, Shutterstock respectfully submits that sufficient justification exists to redact it from the transcript. *See, e.g.*, *Cohen v. Gerson Lehman Grp. Inc.*, 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (redactions concealing individuals' identities were narrowly tailored, and their privacy interests at issue overcame the presumption of access).

Separately, Shutterstock notes that the other item identified in the motion to seal (Dkt. No. 59), *i.e.*, the "Shutterstock business document" attached as Exhibit 23 to the Burroughs Declaration

---

[1] The relevant transcript pages are attached as Exhibit 15 to the Declaration of Scott Alan Burroughs, Esq. ("Burroughs Declaration"). *See* Dkt. No. 60-1 (redacted Exhibit 15); Dkt. No. 62-2 (unredacted Exhibit 15).

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM



Page 2

(Dkt. No. 62-1), is identical to the document containing non-relevant personal identifying information that the Court has permitted to be sealed in unredacted form, and should be sealed for the same reasons.  *See* Dkt. No. 66.

Accordingly, Shutterstock respectfully requests that this Court grant the motion to seal (Dkt. No. 59).

Respectfully submitted,

Eleanor M. Lackman


cc:     All counsel of record (via ECF)