# EXHIBIT 6



Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
231 Norman Avenue, Suite 413
Brooklyn, New York 11222

April 1, 2021

**DELIVERED VIA ELECTRONIC MAIL**

**Shutterstock, Inc.**
**infringementclaims@shutterstock.com**
**Attn: Sejal Patel, Designated Copyright Agent**

|  |  |
|---|---|
| **Our Client:** | George Steinmetz |
| **Matter:** | CEASE AND DESIST – COPYRIGHT INFRINGEMENT |
| **Copyrighted Work Titles:** | See Image Below |

To whom it may concern:

Be advised that this firm represents renowned photographer George Steinmetz. Our investigation reveals that Shutterstock, Inc. ("Shutterstock") has posted one of Steinmetz's copyrighted photographs ("Subject Photograph") on its website at https://www.shutterstock.com/image-photo/overview-forest-morning-time-by-drone-1571786026 without Steinmetz's authorization, which infringes on our client's rights in his proprietary and copyrighted photograph portfolio. The Subject Photograph at issue is attached hereto as **Exhibit A**. This correspondence will serve as our client's demand that your company immediately **cease and desist** in your publication and display that bears, in whole or in part, the Subject Photograph ("Offending Photograph"). Non-inclusive exemplar(s) of the Offending Photograph are likewise set forth in **Exhibit A.**

Note that the included exemplars are non-inclusive, and the claims made herein are as to **any and all photographs** published, displayed, and/or reproduced by your company and/or its affiliates that incorporates, in whole or in part, the Subject Photograph. Please note that continued display after being put on notice of copyright infringement is strong additional evidence of willful intent and a basis for the Court or jury to award additional damages.

Your publication and display of the Subject Photograph violates the United States Copyright Act. *See* 17 U.S.C. §§ 106 & 501, and our client's rights. It also subjects you to liability for copyright infringement. To succeed on his copyright infringement claim, our client will "show ownership of the allegedly infringed material and […] demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106; *see* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in §

603 Rose Avenue / Venice, California 90291
Telephone: (310) 590-1820 / www.donigerlawfirm.com

STEINMETZ000012

106); *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987); *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005). These rights include the right to reproduce or distribute the material, and the right to prepare derivative works from the copyrighted material. 17 U.S.C. § 106(1)-(3). Another is the exclusive right to "display the copyrighted work publicly." 17 U.S.C. § 106(5). It is clear that our client owns the material at issue, and that your company, and/or its affiliates, unlawfully reproduced his work, created an unauthorized derivative work from his photograph, distributed unauthorized copies of his work, and publicly displayed his work, all without his permission. There is little doubt that our client will prevail at trial should you force him to litigate this case.

Shutterstock's unauthorized publication of Steinmetz's photograph online willfully violated his copyrights. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 674 (9th Cir. 2012) *(quoting Arclightz & Films Pvt. Ltd. v. Video Palace Inc., 303 F.Supp.2d 356, 361–62 (S.D.N.Y.2003*)) ("To prove willfulness, [plaintiff] must show that the infringer had actual or constructive knowledge that it was infringing the [plaintiff's copyright] or else acted in reckless disregard of the high probability that it was infringing [plaintiff's copyright])." Seeing that your company, and/or its affiliates, embedded post on their website, it is undeniable that it was known that you, and/or your affiliates, were infringing our client's copyright, or were at least reckless in that regard, and thus willful in the infringement.

Your company's violation of the Copyright Act subjects it to liability for damages, including any profits reaped by your company through the unauthorized use of the purloined material and the actual damages incurred by our client due to your infringement. *See* 17 U.S.C. § 504. In addition, your company is liable for statutory damages in an amount up to $150,000.00 in connection with the infringement at issue for *each* infringement, as well as costs and attorney fees. Id. at § 505. Moreover, 17 U.S.C. §1203(c)(3) permits Steinmetz to "recover an award of statutory damages for *each* violation of section 1202 in the sum of not less than $2,500 or more than $25,000." And under the relevant authorities, each copy or reproduction would be a separate violation. Our client will seek such damages through litigation should this matter not be appropriately resolved.

This correspondence further serves as our client's demand for an accounting of the following information:

1. The source from which Shutterstock obtained the Subject Photograph, including without limitation any documents purporting to assign, license, or transfer to any rights in or to use the Subject Photograph;
2. The date on which Shutterstock first posted, published, displayed, or in any way exploited the Subject Photograph;
3. The name of the individual responsible for publishing the Subject Photograph;
4. The number of unique visitors that have viewed the Shutterstock page(s) incorporating the Subject Photograph;
5. The revenues derived from the views that originated from the Shutterstock page(s) incorporating the Subject Photograph;
6. All communications between your company and any parties that were

      involved in providing to you any or all of the Subject Photograph, or any material bearing any or all of the Subject Photograph;

7. The URLs or web addresses of all pages that incorporate, in whole or in part, the Subject Photograph.

This information must be provided with full documentation, including financial and other business records, reflecting the accuracy and completeness of the responses given to these requests.

Within seven (7) days from the receipt of this letter please confirm in writing that you have ceased and desisted from your use of the Subject Photograph. At that time we also request that you produce the documentation requested herein. It is also requested that you immediately contact any purported owner of Subject Photograph and inform them of this notice and demand to cease and desist.

Also, per the Digital Millennium Copyright Act (17 U.S.C. §512), it is hereby demanded that you remove the above-pictured product, as well as any other product that incorporates our client's graphic artwork from any web sites or digital media platforms that you operate or are otherwise in your custody or control. Note that this firm has been authorized by Steinmetz, as the complaining party, to specifically acknowledge: (1) that Steinmetz has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owners, their agents, or the law; and (2) the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. Steinmetz shall be listed as the complaining party, and for purposes of contact, are reachable through undersigned counsel.

We intend to soon file in United Stated District Court a copyright infringement complaint regarding this matter, which will name your company as a defendant. Should you comply with the demands made herein, and reach with our client a reasonable resolution, we can avoid protracted litigation with your company.

This is not a full recitation of all outstanding facts and legal issues, and nothing in this letter is meant to or should be construed to waive or limit any rights, claims, or remedies. Your prompt attention to this letter is strongly advised. Please do not hesitate to contact the undersigned if you have any questions in regard to the foregoing.

                                            Regards,

                              By:    _____
                                            Scott Alan Burroughs, Esq.
                                            For the Firm

*SAB/js*
*Encl. – Exhibit A*

**EXHIBIT A**



STEINMETZ000015