

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890
eml@msk.com

October 10, 2022

**VIA ECF**

The Honorable Judge Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Steinmetz v. Shutterstock, Inc.*, Case No. 1:21-CV-7100 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

We are counsel for defendant Shutterstock, Inc. ("Shutterstock"). We write to briefly address the letter that plaintiff George Steinmetz's ("Plaintiff") filed on October 7, 2022 seeking "clarification on whether a response to Shutterstock's [Motion for Attorneys' Fees and Sanctions ('Motion')] is due" and/or a "one-week extension" of the opposition deadline. Dkt. No. 88, p. 1. Plaintiff's letter reflects a failure to read and/or disregard of the relevant authorities, including, in particular, 17 U.S.C. § 505, Fed. R. Civ. P. 54(d)(2), and Rule 1.D of Your Honor's Individual Rules.

*First*, Shutterstock's Motion is made pursuant to, *inter alia*, 17 U.S.C. § 505, which expressly provides that "the court may[ ] award a reasonable attorney's fee to the prevailing party *as part of the costs*." *Id.* (emphasis added). The Court awarded Shutterstock its costs. Dkt. No. 80, p. 17.

*Second*, Fed. R. Civ. P. 54(d)(2) expressly provides that a motion for attorneys' fees is timely where, as here, it was "filed no later than 14 days *after the entry of judgment*." *Id.* (emphasis added); *see also* Dkt. Nos. 81, 83 (dates of entry and filing).

*Finally*, as to the request for a full week extension for counsel to attend his firm's retreat, Plaintiff never sought Shutterstock's consent to the requested extension of time. *Cf.* Individual Rule 1.D ("All requests [for extensions of time] must state . . . whether the adversary consents . . ."). Had he done so, Shutterstock would have proposed and consented to a two-day extension to accommodate the firm retreat (as such retreats typically last a couple of days, not an entire week).

In sum, Plaintiff's letter is simply another example of the unreasonable conduct that Plaintiff and his counsel have exhibited throughout this case. The request should be denied accordingly.

Respectfully submitted,

Eleanor M. Lackman

cc:   All counsel of record (via ECF)

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM